J-S15024-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| LARRY ROBERT STIEFEL | : | |
| | : | |
| Appellant | : | No. 1390 WDA 2019 |

Appeal from the PCRA Order Entered August 6, 2019
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s):  CP-02-CR-0002541-2004

BEFORE:   BENDER, P.J.E., OLSON, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY OLSON, J.:                    **FILED APRIL 3, 2020**

Appellant, Larry Robert Stiefel, appeals from the order entered on August 6, 2019, which dismissed his petition filed under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

We previously summarized much of the underlying facts and procedural posture of this case:

> On October 8, 2004, Appellant pleaded *nolo contendere*[, in the Allegheny County Court of Common Pleas,] to five counts of robbery-serious bodily injury (at Counts One through Five), one count of burglary (at Count Six), and one count of criminal conspiracy (at Count Seven).  That day, the trial court sentenced Appellant to serve 11 ½ to 23 months in jail on the first robbery count and to serve six consecutive one-year terms of probation on the remaining counts.  The charges stemmed from an incident on January 19, 2004, where Appellant and a co-conspirator used a semi-automatic

---

[*] Former Justice specially assigned to the Superior Court.

machine gun to rob a woman in the stairwell of her apartment building.

On November 16, 2006, Appellant pleaded guilty to escape and possession of a controlled substance; he received an aggregate term of 11 ½ to 23 months in jail for the new offenses. Further, as a result of the new convictions, on March 14, 2007, the trial court revoked Appellant's probation at Count Two (robbery-serious bodily injury), and resentenced Appellant to serve one to two years in jail, followed by four years of probation, for the conviction. N.T. Re-Sentencing Hearing, 3/14/07, at 11.

In 2010, Appellant pleaded guilty, in Butler County, to aggravated assault, robbery, unlawful restraint, and simple assault. On July 26, 2011, the Butler County trial court sentenced Appellant to serve an aggregate term of 20 to 40 years in prison for his convictions.

As a result of the convictions in Butler County, the trial court revoked Appellant's probation on May 15, 2012. After reviewing the pre-sentence report, the trial court re-sentenced Appellant to four to eight years' incarceration at Count Two (robbery-serious bodily injury), consecutive to the Butler County sentence and no further penalty on the remaining counts.

On August 26, 2013, the Butler County case was vacated and remanded for a new trial. As a result of the entire sentencing scheme being upset, on March 24, 2014, the Allegheny County case was also remanded. Appellant entered into a plea agreement in the Butler County case on November 30, 2016. Specifically, Appellant pleaded guilty to simple assault and unlawful contact in Butler County; the Butler County trial court sentenced Appellant to time-served.

On February 10, 2017, Appellant appeared before the trial court for re-sentencing on his probation violation. That day, the trial court re-sentenced Appellant to serve the same four-to-eight-year sentence that it had originally imposed.

On February 22, 2017, Appellant filed a "Petition for Permission to File Post-Sentence Motion[] *Nunc Pro Tunc*" (hereinafter "Appellant's Petition"). Appellant attached a

post-sentence motion to his petition and, within the post-sentence motion, Appellant asserted the following claim:

> The [trial] court erred in imposing a manifestly excessive sentence which did not comport with the dictates of the sentencing code, 42 [Pa.C.S.A. §§] 9721 . . . and 9781. . . . . More specifically, the sentence imposed is erroneous because the sentencing court failed to consider, as it must, the nature and circumstances of the offense as it relates to the impact on the life of not only the victim but also the community at large; the history and characteristics of the defendant, including his rehabilitative needs; and whether the confinement imposed is consistent with the protection of the public, in violation of 42 [Pa.C.S.A.] § 9781. Moreover, the sentencing court focused solely upon the seriousness of the offense to the exclusion of all else, including the defendant's statements that he was ready and willing to work hard to become a productive member of society, by resuming his landscaping business.

Appellant's Post-Sentence Motion, 2/22/17, at 2-3.

The trial court . . . permitted Appellant to file the post-sentence motion *nunc pro tunc*; however, the trial court denied Appellant's post-sentence motion on February 28, 2017. Trial Court Order, 2/27/17, at 1; Trial Court Order, 2/28/17, at 1.

On March 21, 2017, Appellant filed a *pro se* notice of appeal from his judgment of sentence; Appellant's *pro se* correspondence was dated March 16, 2017. Also on March 21, 2017, Appellant filed a counseled notice of appeal from the judgment of sentence. *See* Appellant's *Pro Se* Notice of Appeal, dated 3/16/17, at 1; Appellant's Notice of Appeal, 3/21/17, at 1.

Appellant later requested [permission] to proceed *pro se* on appeal and, on May 5, 2017, the trial court held a ***Grazier***[fn.1] hearing in response to Appellant's request. Following the ***Grazier*** hearing, the trial court concluded that Appellant knowingly, intelligently, and voluntarily waived his right to counsel during the appellate proceedings. The trial court thus

- 3 -

granted Appellant's request to proceed *pro se* [on] appeal. N.T. **Grazier** Hearing, 5/5/17, at 11-12.

> [fn.1] **See Commonwealth v. Grazier**, 713 A.2d 81 (Pa. 1998).

**Commonwealth v. Stiefel**, 185 A.3d 1160 (Pa. Super. 2018) (unpublished memorandum) at 1-4 (corrections and some quotations and citations omitted), *appeal denied*, 198 A.3d 333 (Pa. 2018).

On February 28, 2018, this Court filed a memorandum decision, which quashed, as untimely, Appellant's appeal from his judgment of sentence. As we explained:

> on February 10, 2017, Appellant appeared before the trial court for re-sentencing on his probation violation; the trial court then re-sentenced Appellant to serve a term of four to eight years in prison for violating his probation at Count Two (robbery-serious bodily). Afterwards, Appellant filed a motion to modify his sentence. Yet, since the trial court denied Appellant's motion to modify, Appellant's motion did not toll the 30-day appeal period. Pa.R.Crim.P. 708(E). As such, Appellant was required to file his notice of appeal on or before Monday, March 13, 2017. Appellant did not file his notice of appeal until March 21, 2017.[fn.2] Therefore, the current appeal is untimely. We do not have subject matter jurisdiction over this appeal.
>
> > [fn.2] Even if we [would have been] permitted to consider Appellant's *pro se* notice of appeal in addition to the notice of appeal filed by his counsel, the *pro se* filing [was] dated March 16, 2017; thus, even if we [would have been] permitted to consider the filing, we would still [have] quash[ed] th[e] appeal.

**Id.** at 5-6.

On March 19, 2018, Appellant filed a *pro se* application for reconsideration of our February 28, 2018 decision. We denied Appellant's

application for reconsideration on May 16, 2018 and, on June 6, 2018, Appellant filed a petition for allowance of appeal with the Pennsylvania Supreme Court. The Supreme Court denied Appellant's petition for allowance of appeal on November 28, 2018.

On May 13, 2019, Appellant filed a *pro se* PCRA petition. The PCRA court appointed counsel to represent Appellant during the proceedings and counsel filed an amended petition on Appellant's behalf. Within the amended petition, Appellant claimed that his trial counsel was ineffective for failing to file a timely notice of appeal on his behalf. Appellant's Amended PCRA Petition, 6/28/19, at 1-5. Appellant thus requested the *nunc pro tunc* restoration of his direct appeal rights. ***Id.***

On July 16, 2019, the PCRA court provided Appellant with notice that it intended to dismiss his PCRA petition in 20 days, without holding a hearing, because the petition was untimely. PCRA Court Order 7/16/19, at 1; ***see also*** Pa.R.Crim.P. 907(1). Appellant filed a timely response to the PCRA court's Rule 907 notice and claimed that his petition was not untimely because: 1) Appellant was unaware that his trial counsel filed an untimely notice of appeal from his judgment of sentence and, thus, he satisfied the newly-discovered fact exception to the PCRA's one-year time-bar and 2) "[t]he PCRA [time-bar] must be deemed unconstitutional as applied [to Appellant] because the statute effectively restricts the exercise of a right guaranteed by the Pennsylvania Constitution." Appellant's Response to Rule 907 Notice, 8/5/19, at 5-12. As to the second issue, Appellant contended that, since the one-year time-bar

denies Appellant's right to a direct appeal, Appellant's substantive claim "is not cognizable under the PCRA" and the petition must be considered "an application for *habeas corpus*." ***Id.*** at 12.

On August 6, 2019, the PCRA court finally dismissed Appellant's petition and Appellant filed a timely notice of appeal. Appellant numbers two claims on appeal:

> [1.] Is the application of the PCRA's time restriction unconstitutional as applied to [Appellant] alleging that he was denied his constitutional right to a direct appeal due to the abandonment of counsel, where counsel failed to file timely post-sentence motions and a timely notice of appeal?
>
> [2.] Did the [PCRA] court abuse its discretion in dismissing the petition for relief seeking reinstatement of appeal rights under the [PCRA] as untimely, insofar as the exception set forth in 42 Pa.C.S.A. § 9545(b)(1)(ii) applies?

Appellant's Brief at 4 (some capitalization omitted).[1]

First, Appellant claims that the PCRA's one-year time-bar is unconstitutional as applied to him because application of the time-bar would "prevent[ Appellant] from exercising his constitutional right" to file a direct appeal from his judgment of sentence. ***Id.*** at 14. According to Appellant, since "[t]he issue presented [] is not cognizable under the PCRA, [Appellant's petition] should have been considered an application for *habeas corpus*." ***Id.*** at 20. This claim fails.

_____

[1] For ease of discussion, we have renumbered Appellant's claims on appeal.

At the outset, Appellant's claim that the PCRA's one-year time-bar is unconstitutional is meritless, given that our Supreme Court has continuously upheld the statute against constitutional attack. *See Commonwealth v. Cruz*, 852 A.2d 287, 292 (Pa. 2004) ("the PCRA's time restriction is constitutionally valid"); *Commonwealth v. Peterkin*, 772 A.2d 638, 643 (Pa. 1998) ("the PCRA's time limitation upon the filing of PCRA petitions does not unreasonably or unconstitutionally limit [a petitioner's] constitutional right to *habeas corpus* relief. At some point litigation must come to an end").

Further, as will be explained below, Appellant was eligible for relief under the PCRA – he could have filed his PCRA petition within one year of the date that his judgment of sentence became final. The fact that Appellant failed to do so does not render the time-bar unconstitutional as applied to him. *See Commonwealth v. Descardes*, 136 A.3d 493, 501 (Pa. 2016) ("the fact that [the petitioner] was ineligible for [PCRA] relief because he was no longer serving his sentence did not entitle him to seek relief through a writ of *coram nobis* . . . [, where his] claim was cognizable under the PCRA"); *c.f. Commonwealth v. Stock*, 679 A.2d 760 (Pa. 1996) (holding that the petitioner could seek permission to file a *nunc pro tunc* appeal from his summary traffic convictions outside the framework of the PCRA, where the petitioner's attorney failed to perfect a timely appeal and where the petitioner was **never eligible for PCRA relief**, as he was never "under a sentence of death or imprisonment or on parole or probation").

Second, to the extent Appellant claims that the PCRA court erred when it failed to consider his filing to be a petition for writ of *habeas corpus*, the claim fails. The PCRA "provides for an action by which persons convicted of crimes they did not commit and persons serving illegal sentences may obtain collateral relief." 42 Pa.C.S.A. § 9542. As the statute declares, the PCRA "is the sole means of obtaining collateral relief and encompasses all other common law and statutory remedies . . . including *habeas corpus* and *coram nobis*." **Id.**; **see also Commonwealth v. Ahlborn**, 699 A.2d 718, 721 (Pa. 1997). Thus, under the plain terms of the PCRA, "if the underlying substantive claim is one that could potentially be remedied under the PCRA, that claim is **exclusive** to the PCRA." **Commonwealth v. Pagan**, 864 A.2d 1231, 1233 (Pa. Super. 2004) (emphasis in original).

Within his amended petition, Appellant claimed that he was entitled to the *nunc pro tunc* restoration of his direct appeal rights because his trial counsel provided him with ineffective assistance. Appellant's Amended PCRA Petition, 6/28/19, at 1-5. The PCRA undoubtedly encompasses Appellant's claim, as the claim concerns "matters affecting [Appellant's] conviction [or] sentence." **Commonwealth v. Judge**, 916 A.2d 511, 520 (Pa. 2007), *quoting* **Coady v. Vaughn**, 770 A.2d 287, 293 (Pa. 2001) (Castille, J., concurring); **see also** 42 Pa.C.S.A. § 9542 ("[the PCRA] provides for an action by which persons convicted of crimes they did not commit and persons serving illegal sentences may obtain collateral relief"); 42 Pa.C.S.A. § 9543(a)(2)(ii) ("To be eligible for relief under [the PCRA], the petitioner must plead and

prove by a preponderance of the evidence . . . (2) That the conviction or sentence resulted from one or more of the following: . . . (ii) Ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place").

Appellant's claim thus falls under the rubric of the PCRA and, since the PCRA encompasses Appellant's claim, Appellant "can only find relief under the PCRA's strictures." **Pagan**, 864 A.2d at 1233; **see also Descardes**, 136 A.3d at 501 ("[the Pennsylvania Supreme] Court has consistently held that, pursuant to the plain language of Section 9542, where a claim is cognizable under the PCRA, the PCRA is the only method of obtaining collateral review").

The PCRA contains a jurisdictional time-bar, which is subject to limited statutory exceptions. This time-bar demands that "any PCRA petition, including a second or subsequent petition, [] be filed within one year of the date that the petitioner's judgment of sentence becomes final, unless [the] petitioner pleads [and] proves that one of the [three] exceptions to the timeliness requirement . . . is applicable." **Commonwealth v. McKeever**, 947 A.2d 782, 785 (Pa. Super. 2008); 42 Pa.C.S.A. § 9545(b). Further, since the time-bar implicates the subject matter jurisdiction of our courts, we are required to first determine the timeliness of a petition before we are able to consider any of the underlying claims. **Commonwealth v. Yarris**, 731 A.2d 581, 586 (Pa. 1999). Our Supreme Court explained:

the PCRA timeliness requirements are jurisdictional in nature and, accordingly, a PCRA court is precluded from considering untimely PCRA petitions. [The Pennsylvania Supreme Court] also held that even where the PCRA court does not address the applicability of the PCRA timing mandate, th[e court would] consider the issue *sua sponte*, as it is a threshold question implicating our subject matter jurisdiction and ability to grant the requested relief.

***Commonwealth v. Whitney***, 817 A.2d 473, 475-476 (Pa. 2003) (citations omitted). "The question of whether a [PCRA] petition is timely raises a question of law. Where the petitioner raises questions of law, our standard of review is *de novo* and our scope of review plenary." ***Commonwealth v. Taylor***, 65 A.3d 462, 468 (Pa. Super. 2013) (citations omitted).

The trial court sentenced Appellant on February 10, 2017 and, since Appellant did not file a timely notice of appeal from his judgment of sentence, his judgment of sentence became final 30 days later, on Monday, March 13, 2017. ***See Commonwealth v. Ballance***, 203 A.3d 1027, 1031 (Pa. Super. 2019) ("In circumstances in which no timely direct appeal is filed relative to a judgment of sentence, and direct review is therefore unavailable, the one-year period allowed for the filing of a post-conviction petition commences upon the actual expiration of the time period allowed for seeking direct review, as specified in the PCRA. The initial untimely filing [of a notice of appeal] does not serve to circumvent the clear and unambiguous language of Section 9545(b)(3) and alter the date when the judgment of sentence became final") (quotations, citations, and corrections omitted).

Under the PCRA, Appellant was required to file his petition within one year of the date his judgment of sentence became final – or, on or before March 13, 2018. 42 Pa.C.S.A. § 9545(b)(1). As Appellant did not file his current petition until May 13, 2019, the current petition is manifestly untimely and the burden thus fell upon Appellant to plead and prove that one of the enumerated exceptions to the one-year time-bar applied to his case. *See* 42 Pa.C.S.A. § 9545(b)(1); ***Commonwealth v. Perrin***, 947 A.2d 1284, 1286 (Pa. Super. 2008) (to properly invoke a statutory exception to the one-year time-bar, the PCRA demands that the petitioner properly plead and prove all required elements of the relied-upon exception).

Within Appellant's response to the Rule 907 notice, Appellant claimed that his petition was timely because it fell within the newly-discovered fact exception to the PCRA's one-year time-bar. Appellant's Response to Rule 907 Notice, 8/5/19, at 5-12. The newly-discovered fact exception provides:

> (1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:
>
> . . .
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence[]
>
> . . .
>
> (2) Any petition invoking an exception provided in paragraph (1) shall be filed within one year of the date the claim could have been presented.

42 Pa.C.S.A. § 9545(b).[2]

> As our Supreme Court explained:

> subsection (b)(1)(ii) has two components, which must be alleged and proved.  Namely, the petitioner must establish that:  1) "the facts upon which the claim was predicated were unknown" and (2) "could not have been ascertained by the exercise of due diligence."  42 Pa.C.S. § 9545(b)(1)(ii)(emphasis added).  If the petitioner alleges and proves these two components, then the PCRA court has jurisdiction over the claim under this subsection.

*Commonwealth v. Bennett*, 930 A.2d 1264, 1272 (Pa. 2007) (emphasis omitted).

Further, to properly invoke the newly-discovered facts exception, the petitioner is statutorily required to file his petition "within one year of the date the claim could have been presented."  42 Pa.C.S.A. § 9545(b).  Consistent with the Pennsylvania Supreme Court's interpretation of the prior version of Section 9545(b)(2) – which, except for the specific time limitations, was identical to the current version – to satisfy Section 9545(b)(2)'s "one-year requirement," a petitioner must "plead and prove that the information on

---

[2] Prior to December 24, 2018, Section 9545(b)(2) read:  "Any petition invoking an exception provided in paragraph (1) shall be filed within 60 days of the date the claim could have been presented."  *See* 42 Pa.C.S.A. § 9545(b)(2) (effective to December 23, 2018).  However, effective December 24, 2018, the legislature amended Section 9545(b)(2) to provide for a one-year time-limitation.  42 Pa.C.S.A. § 9545(b)(2) (effective December 24, 2018). This current version of Section 9545(b)(2) applies to "claims arising on [December] 24, 2017 or thereafter."  *See id.* at Comment.  Appellant filed his current petition on May 13, 2019 and sought relief on a claim that arose on February 28, 2018; thus, the current version of Section 9545(b)(2) applies to Appellant's claim.

which he relies could not have been obtained earlier, despite the exercise of due diligence." *Commonwealth v. Stokes*, 959 A.2d 306, 310-311 (Pa. 2008); *Commonwealth v. Breakiron*, 781 A.2d 94, 98 (Pa. 2001). We have explained that "the due diligence inquiry is fact-sensitive and dependent upon the circumstances presented." *Commonwealth v. Burton*, 121 A.3d 1063, 1070 (Pa. Super. 2015) (*en banc*). Moreover, we have held that "due diligence requires neither perfect vigilance nor punctilious care, but rather it requires reasonable efforts by a petitioner, based on the particular circumstances, to uncover facts that may support a claim for collateral relief." *Id.* at 1071.

According to Appellant, his trial counsel's failure to file a timely notice of appeal from his judgment of sentence constitutes a newly-discovered fact that "warrants review of [Appellant's] otherwise untimely petition for post-conviction relief seeking reinstatement of his appeal rights." Appellant's Brief at 11-12. However, this Court quashed Appellant's untimely appeal in our memorandum decision entered on February 28, 2018. Thus, as of that date, Appellant was placed on notice that his appeal was untimely and that the PCRA's one-year time-limitation had begun to expire. *See Ballance*, 203 A.3d at 1031. Since Appellant was on notice as of February 28, 2018, Section 9545(b)(2) required that Appellant file his PCRA petition on or before February 28, 2019 to satisfy the PCRA's newly-discovered fact exception. Appellant did not file his petition until May 13, 2019. Thus, Appellant did not satisfy the requirements for the PCRA's newly-discovered fact exception and the PCRA

- 13 -

court properly dismissed Appellant's petition as untimely. We, therefore, affirm the PCRA court's order, which dismissed Appellant's PCRA petition.

Order affirmed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 4/3/2020